Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

JOSE ORELLANA and JHONNY HERAS MOLINA

                  *Plaintiffs*,

-against-

PALACIOS DRYWALL INCORPORATED, JOSE PALACIOS, GUILLERMO MENDOZA and YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios.

                  *Defendants*.

------------------------------------------------------X

Case No. 23-cv-1962

**COMPLAINT**

**JURY TRIAL DEMANDED**

JOSE ORELLANA and JHONNY HERAS MOLINA ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., and as against, PALACIOS DRYWALL INCORPORATED, JOSE PALACIOS GUILLERMO MENDOZA and YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of PALACIOS DRYWALL INCORPORATED at 35 Hamilton Avenue, Yonkers, NY 10705 that was owned and operated by Defendants JOSE PALACIOS GUILLERMO MENDOZA and YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios.

1

2. Plaintiffs were employed as construction workers for the Defendants' construction business in New York City.

3. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

4. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

5. Plaintiffs now bring this action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8. Plaintiff JOSE ORELLANA ("Plaintiff ORELLANA") is an adult individual residing in Queens County, New York.

9. Plaintiff JHONNY HERAS MOLINA ("Plaintiff MOLINA") is an adult individual residing in Queens County, NY.

10. PALACIOS DRYWALL INCORPORATED is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 35 Hamilton Avenue, Yonkers, NY 10705.

11. Defendant JOSE PALACIOS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOSE PALACIOS is sued individually in his capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

12. Defendant JOSE PALACIOS possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

13. Defendant JOSE PALACIOS . is the CEO of Palacios Drywall and the controlling shareholder of the closely held corporation.

14. Defendant JOSE PALACIOS had the authority to hire and fire employees, and did in fact hire and fire each Plaintiff.

15. Defendant JOSE PALACIOS set pay rates for employees, he had the authority to set schedules and he assigned work tasks to employees, *inter alia*, and directly mandated the unlawful pay practices at issue in this lawsuit

16. Defendant JOSE PALACIOS directly assigned job sites to the Plaintiff, and other employees, along with each day's tasks.

17. Defendant JOSE PALACIOS directly handed Plaintiffs' their payment and often issued payment by personal check under his own name.

18. Defendant JOSE PALACIOS had the authority and power to enter into leases and business contracts on behalf of the Defendants in the operations of the construction company where Plaintiffs worked by virtue of his role as the CEO.

19. Defendant JOSE PALACIOS was the final word on decisions in the company and endorsed the pay practices executed by his manager, Defendant GUILLERMO MENDOZA

20. Defendant GUILLERMO MENDOZA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GUILLERMO MENDOZA is sued individually in his capacity as an employer and as an owner, officer and/or agent of Defendant Corporations.

21. Defendant GUILLERMO MENDOZA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

22. Defendant GUILLERMO MENDOZA was a supervisor for the Defendants construction operations and supervised operations on a day to day basis

23. Defendant GUILLERMO MENDOZA had the power to hire and fire employees of the Defendants, including Plaintiffs.

24. Defendant GUILLERMO MENDOZA controlled the payroll practices and maintained the payroll records of Defendants' operations.

25. Defendant GUILERMO MENDOZA implemented the pay practices set down by Defendant JOSE PALACIOS.

26. Defendant GUILLERMO MENDOZA had the power to set schedules and pay rates for Plaintiffs and other employees.

27. Defendant GUILLERMO MENDOZA directed Plaintiff's at each job site and fielded questions about wages and hours from Plaintiff and other employees.

28. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOSE PALACIOS is sued individually in her capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

29. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

30. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios is married to Defendant JOSE PALACIOS and participated directly in the operation of Palacios Drywall, specifically acting as the head of payroll and accounting.

31. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios issued payments to Plaintiffs.

32. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios fielded issues from employees, including Plaintiff, regarding bounced checks, late checks or pay rates.

33. Defendant YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios controlled the payroll records for Defendants and implemented the unlawful payroll practices alleged in this lawsuit.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

34. Defendants are associated and joint employers, act in the interest of each other with respect Palacios Drywall.

35. Defendants shared common operations and acted jointly in the operation Palacios Drywall.

36. Each Defendant possessed substantial control over Plaintiffs' working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

37. Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiff.

39. Defendants willfully and malicious failed to pay Plaintiffs properly by deliberately failing to maintain proper records for Plaintiffs' hours in a conscious effort to thwart the Plaintiffs' from vindicating their rights under the federal and New York State labor laws, inter alia.

40. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

41. In each year from 2019 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most if not all of the lumber, cement, power tools, compound and other supplies were produced outside of New York State.

43. Defendants employed more than 11 employees per year during the relevant time period.

44. The majority of the projects upon which Plaintiffs worked were in New York City.

45. Plaintiff were individual involved in interstate commerce by servicing out of state job sites.

*Plaintiff JOSE ORELLANA*

46. Plaintiff JOSE ORELLANA was employed by Defendants from approximately August 2020 until March 2022.

47. Throughout his employment with defendants, Plaintiff JOSE ORELLANA was employed by Palacios Drywall as a construction worker and general laborer.

48. Over the course of his employ, Plaintiff's duties included such diverse tasks as framing, mixing compound, hanging sheetrock along with other construction tasks depending on the job.

49. Plaintiff JOSE ORELLANA regularly handled goods produced in interstate commerce, such as compound, power tools, lumber, lumber, saws, screws and other supplies produced outside the state of New York.

50. Plaintiff JOSE ORELLANA regularly interacted with interstate businesses through the operations of the warehouse.

51. Plaintiff JOSE ORELLANA' work was supervised and his duties required neither discretion nor independent judgment.

52. Plaintiff JOSE ORELLANA regularly worked in excess of 40 hours per week.

53. Throughout his employ, Plaintiff JOSE ORELLANA typically worked six (6) days a week:

    a. Monday: 7:00 A.M. until 5:30 P.M.

    b. Tuesday: 7:00 A.M. until 5:30 P.M.

    c. Wednesday: 7:00 A.M. until 5:30 P.M.

    d. Thursday: 7:00 A.M. until 5:30 P.M.

    e. Friday: 7:00 A.M. until 3:30 P.M.

    f. Saturday: 7:00 A.M. until 3:30 P.M. (three weeks per month)

    g. Sunday: Typical Day Off

54. Typically one week per month, Plaintiff did not work on Saturdays.

55. Defendant JOSE PALACIOS frequently paid Plaintiff for less hours than he worked nearly every week.

56. Defendants paid Plaintiff JOSE ORELLANA an hourly rate of $29.00 with no premium for his overtime hours from the beginning of his employ until December 2021.

57. From January 2022 until the end of his employ, Defendants paid Plaintiff one third of the overtime premium due to him for some of his overtime hours.

58. Defendants frequently paid Plaintiff later than seven days.

59. No notification was given to Plaintiff JOSE ORELLANA regarding overtime and wages under the FLSA and NYLL.

60. Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

61. Defendants never provided Plaintiff JOSE ORELLANA with each payment of wages a statement of wages, as required by NYLL 195(3).

62. Defendants never provided Plaintiff JOSE ORELLANA, any notice in English and in Spanish (Plaintiff JOSE ORELLANA' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff JHONNY HERAS MOLINA*

63. Plaintiff JHONNY HERAS MOLINA was employed by Defendants from approximately January 2019 until approximately March 2022.

64. Throughout his employment with defendants, Plaintiff JHONNY HERAS MOLINA was employed by Palacios Drywall as a construction worker and general laborer.

65. Over the course of his employ, Plaintiff's duties included such diverse tasks as installing sheetrock, framing, cleaning up jobs sites, mixing compound along with other construction tasks depending on the job.

66. Plaintiff JHONNY HERAS MOLINA regularly handled goods produced in interstate commerce, such as compound, power tools, lumber, lumber, saws, screws and other supplies produced outside the state of New York.

67. Plaintiff JHONNY HERAS MOLINA' work was supervised and his duties required neither discretion nor independent judgment.

68. Plaintiff JHONNY HERAS MOLINA regularly worked in excess of 40 hours per week.

69. Throughout his employ, Plaintiff JHONNY HERAS MOLINA typically worked six (6) days a week:

    a. Monday: 7:00 A.M. until 5:30 P.M.

    b. Tuesday: 7:00 A.M. until 5:30 P.M.

    c. Wednesday: 7:00 A.M. until 5:30 P.M.

    d. Thursday: 7:00 A.M. until 5:30 P.M.

    e. Friday: 7:00 A.M. until 3:30 P.M.

    f. Saturday: 7:00 A.M. until 3:30 P.M. (three weeks per month)

g. Sunday: Typical Day Off

70. Defendant frequently paid Plaintiff for less hours than he worked nearly every week.

71. Defendants paid Plaintiff JHONNY HERAS MOLINA an hourly rate of $27.00 with no premium for his overtime hours from the beginning of his employ until later issuing him raises to $29.00 per hour and finally $30.00 per hour while never providing him a premium for his overtime hours until January 2022.

72. From January 2022 until the end of his employ, Defendants paid Plaintiff one third of the overtime premium due to him for some of his overtime hours.

73. Defendants frequently paid Plaintiff later than seven days.

74. No notification was given to Plaintiff JHONNY HERAS MOLINA regarding overtime and wages under the FLSA and NYLL.

75. Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

76. Defendants never provided Plaintiff JHONNY HERAS MOLINA with each payment of wages a statement of wages, as required by NYLL 195(3).

77. Defendants never provided Plaintiff JHONNY HERAS MOLINA, any notice in English and in Spanish (Plaintiff JHONNY HERAS MOLINA' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

80. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

81. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82. Plaintiffs were individually engaged in interstate commerce.

83. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

85. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

87. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

88. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89. Plaintiffs were individually engaged in interstate commerce.

90. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

93. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

95. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

97. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

99. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

100. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

101. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

104. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

105. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

106. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

109. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

110. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

112. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

113. Plaintiffs were manual workers under the NYLL.

114. Defendants regularly paid Plaintiffs in late, incompletely and in irregular increments over the course of their employ in violation of N.Y. Lab. L. § 191(1)(a), inter alia.

115. Defendants violated the NYLL by failing to timely pay Plaintiff for their work under NYLL Section *19 et seq*.

116. Defendants failure to pay Plaintiffs timely was willful malicious and/or not in good faith.

117. Plaintiffs were damaged in an amount to be determined at trial

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime and minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (f)  Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

  (g)  Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs,

  (h)  Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

  (i)  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

  (j)  Enjoining Defendants from future violations of the NYLL;

  (k)  Awarding Plaintiffs damages for the amount of unpaid overtime wages, unpaid minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  (l)  Awarding Plaintiffs unpaid spread of hours pay and liquidated damages and interest;

  (m)  Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (n)  Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

  (o)  Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

  (p)  Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
March 7th, 2023

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*