UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ORELLANA and JHONNY HERAS MOLINA,

                Plaintiffs,

-against-

PALACIOS DRYWALL INCORPORATED, JOSE PALACIOS, GUILLERMO MENDOZA, and YOLANY HERNANDEZ a/k/a Yolany Sorto De Palacios,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/27/2024__

23 Civ. 1962 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On November 7, 2023, the Court issued an order directing Plaintiffs to serve Defendants Palacios Drywall Incorporated, Jose Palacios, and Yolany Hernandez (the "Defaulting Defendants") with a copy of the order to show cause and their supporting papers. ECF No. 46. The proof of service submitted by Plaintiffs indicated that all three Defaulting Defendants were served only by mail. ECF No. 47. By order dated January 9, 2024, the Court deemed the mail-only service deficient and noted that it would not "will not conduct a default judgment hearing unless Defaulting Defendants have received proper notice of the hearing." ECF No. 48 at 1. The Court directed Plaintiffs to serve Jose Palacios and Yolany Hernandez (the "Individual Defendants") by **personal service**, and to serve Palacios Drywall Incorporated both first-class mail and through the New York Secretary of State. *Id.*

      On March 4, 2024, Plaintiffs filed new affidavits of service. ECF No. 51. The affidavits for the Individual Defendants indicated that on February 26, 2024, at 11:31 a.m., the process server affixed copies of the documents to the door at 220 Rockne Road, Yonkers, NY, "the same being the defendant[]'s place of Abode," and mailed copies of the documents to the same address. ECF Nos. 51, 51-1. The affidavits also stated that the process server attempted personal service at the same address on February 16 at 6:45 p.m. and February 24 at 7:20 a.m., but there was no answer.

      New York law permits service by this "nail and mail" method "only as a last resort: if in-person service cannot be made with due diligence." *Joe Hand Promotions, Inc. v. Necessary Studios, Inc.*, No. 21 Civ. 5551, 2022 WL 18858972, at *3 (E.D.N.Y. Dec. 5, 2022) (citation omitted); *see* N.Y. C.P.L.R. § 308(4). Although what constitutes "due diligence" is determined on a case-by-case basis, "cases have required approximately three attempts at service, optimally on non-consecutive days.'" *Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 11 Civ. 2710, 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014), *aff'd*, 583 F. App'x 24 (2d Cir. 2014). However, "[s]ome courts will find that three attempts is not enough, if the process server does not make inquiries about the defendant's residence or employment." *Id.*; *see, e.g.*, *Interboro Ins. Co. v. Tahir*, 129 A.D.3d 1687, 1688–89 (N.Y. App. Div. 2015) (finding lack of due diligence where there was "no indication that the

process server made genuine inquiries to ascertain [defendant's] actual residence or place of employment")

Plaintiffs' affidavits of service are not sufficient for the Court to conclude that the due diligence requirement was satisfied. Although the process server made three attempts at service on non-consecutive days, including two during non-business hours, the affidavits do not explain whether the process server made any inquiries into whether the Individual Defendants in fact resided at the Rockne Road address. Nor do they state whether the process server also attempted to serve the Individual Defendants at their place(s) of employment. The Court, therefore, finds that due diligence was not established here.

Accordingly:

1. By **April 16, 2024**, Plaintiffs may file an affidavit explaining why the process server's attempts at service fulfill the due diligence requirement of N.Y. C.P.L.R. § 308(4).

2. Alternatively, by **April 16, 2024**, Plaintiffs shall serve this order, a copy of the order to show cause, ECF No. 46, and their supporting papers, ECF Nos. 43–45, upon Defendants Jose Palacios and Yolany Hernandez via **personal service**.

    a. By **April 19, 2024**, Plaintiffs shall file on the docket (1) proofs of service, and (2) the supporting papers that were served upon the Defaulting Defendants (as attachments to the proofs of service).

    b. By **April 30, 2024**, the Defaulting Defendants shall respond to Plaintiffs' motion.

    c. By **May 7, 2024**, Plaintiffs shall file their reply, if any.

3. The default judgment hearing scheduled for April 2, 2024, is ADJOURNED to **May 14, 2024** at **10:30 a.m.** The parties are directed to dial 888-398-2342 or 215-861-0674 and enter access code 5598827.

SO ORDERED.

Dated: March 27, 2024
       New York, New York

ANALISA TORRES
United States District Judge